# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Dawn Ledwell, | ) | Civil Action No. 2:19-2815-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Thomas Ravenel; Haymaker Content, LLC; | ) | |
| Bravo Media Productions, Inc.; NBC | ) | |
| Universal Media, LLC; Comcast | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is Plaintiff's motion for reconsideration, (Dkt. Nos. 24 & 26), which Defendants oppose, (Dkt. No. 25). Plaintiff's motion is denied.

The Court denied Plaintiff's initial motion for remand, (Dkt. No. 13; Dkt. No. 21), and then dismissed Plaintiff's complaint, ordering the parties to arbitrate this dispute in accordance with their written agreements, (Dkt. No. 23).

Plaintiff now moves the Court to reconsider denying her motion to remand. Rule 59(e) of the Federal Rules of Civil Procedure permits a party to move to alter or amend a judgment within twenty-eight days of the judgment's entry. Fed. R. Civ. P. 59(e). "A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Specifically, the Court may reconsider its prior order only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Collison v. Int'l Chm. Workers Union*, 34 F.3d 233, 236 (4th Cir. 1994) (internal quotation marks omitted).

None of these justifications for reconsideration are present here. As the parties that invoked the district court's jurisdiction by removal, Defendants Haymaker Media, Inc., Bravo Media Productions LLC, NBCUniversal Media, LLC, and Comcast Corporation had the burden of establishing that the case was properly removed. *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Defendants met that burden: this Court has diversity jurisdiction. 28 U.S.C. § 1332. Sole resident Defendant Ravenel settled with Plaintiff on July 18, 2019. Defendants received a copy of the executed settlement on September 11, 2019 and within thirty days removed this action. Plaintiff has already argued, (Dkt. No 13-1 at 11-12), and this Court has already analyzed and rejected the argument, that Defendants removal was untimely because Defendants "should have known" Ravenel settled with Plaintiff, obligating Defendants to remove at some unspecified point prior to September 11, 2019. In her initial motion to remand, Plaintiff cited no case law to support this "due diligence" argument, which flies in the face of the statutory requirement of "other paper." 28 U.S.C. § 1446(b)(3) (removal must be sought within thirty days of receipt of "amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable") (emphasis added). So too here. (Dkt. No. 24 at 3-4). Plaintiff's additional argument that Ravenel is not a "nominal" party is also a rehashing of arguments Plaintiff previously presented to this Court and which this Court rejected. (Dkt. No 13-1 at 7-10; Dkt. No. 24 at 1-3; Dkt. No. 26 at 1-2). When Plaintiff settled with Ravenel, Ravenel become a "nominal defendant" with "no immediately apparent stake in the litigation." *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259, 260-62 (4th Cir. 2013). The Court, once again, rejects Plaintiff's argument that because, at some unspecified point in the future, Defendants *may* seek indemnification from Ravenel, Ravenel is not a nominal defendant. *Hartford Fire Ins. Co.*, 736 F.3d at 262 (rejecting a similarly speculative argument and

noting that "District courts . . . should not be forced to push the far edges of conjecture as they deal with the threshold question of removal").  The ruling to deny remand was not a clear error of law nor was it manifestly unjust, and there has been no subsequent change in controlling law or new evidence to consider.

Accordingly, there is no basis to reconsider the Court's prior order and opinion denying Plaintiff's motion to remand this case to state court.  The Court **DENIES** the motion for reconsideration. (Dkt. No. 24).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

February 18, 2020
Charleston, South Carolina